# EXHIBIT A

**2021CA000561 - CONNOR, TAMMY LEE vs. WHIRLPOOL CORPORATION**

## SUMMARY

| | | |
|---|---|---|
| Judge: BUCHANAN, LAURIE E | Case Type: OTHER COMPLAINT | Status: OPEN |
| Case Number: 2021CA000561 | Uniform Case Number: 562021CA000561AXXXHC | |
| Clerk File Date: 3/25/2021 | Status Date: 3/25/2021 | |
| SAO Case Number: | Total Fees Due: 0.00 | |
| Agency: | Agency Report #: | Custody Location: |

## PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | CONNOR, TAMMY LEE | SHAMIS, ANDREW JOHN (Main Attorney) |
| DEFENDANT | WHIRLPOOL CORPORATION | GOLD, CHRISTOPHER C |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT |
|---|---|---|---|---|
| | | No Events on Case | | |

## CASE HISTORY

| CASE NUMBER | CHARGE DESCRIPTION | CASE STATUS | DISPOSITION | OUTSTANDING AMOUNT | NEXT EVENT | ALERTS |
|---|---|---|---|---|---|---|
| | | | No Additional Cases | | | |

## CASE DOCKETS

| IMAGE | DIN | DATE | ENTRY |
|---|---|---|---|
| 2 | 10 | 4/6/2021 | NOTICE OF APPEARANCE ( V ) |
| | 9 | 3/25/2021 | "RECIPIENTS: SHAMIS, ANDREW JOHN - SUBJECT: SERVICE OF COURT DOCUMENT – 2021CA000561, CONNOR, TAMMY LEE VS. WHIRLPOOL CORPORATION - ATTACHMENT COUNT: 1 - EMAIL DOCKET DESCRIPTIONS: SUMI-3/25/2021" |
| | 8 | 3/25/2021 | PLAINTIFF ATTORNEY: SHAMIS, ANDREW JOHN ASSIGNED |
| 1 | 7 | 3/25/2021 | SUMMONS ISSUED ( V ) |
| | 6 | 3/25/2021 | CIRCUIT JUDGE BUCHANAN, LAURIE E: ASSIGNED |
| 1 | 5 | 3/25/2021 | SUMMONS TO BE ISSUED BY CLERK ( V ) |
| 9 | 4 | 3/25/2021 | COMPLAINT ( V ) |
| 3 | 3 | 3/25/2021 | CIVIL COVER SHEET ( V ) |
| | 1 | 3/25/2021 | CASE FILED 03/25/2021 CASE NUMBER 2021CA000561 |
| | 9 | 3/25/2021 | PAYMENT $410.00 RECEIPT #2021000024342 RECEIVED FOR FILING NUMBER 123755946 VIA FILINGPAYMENTS20210325235959.TXT. |

# FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>NINETEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ST. LUCIE</u>   COUNTY, FLORIDA

<u>Tammy Lee Connor</u>
Plaintiff

Case # <u>562021CA000561AXXXHC</u>
Judge   <u>Judge Laurie E Buch</u>anan

vs.
<u>Whirlpool Corporation</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

### III.   TYPE OF CASE

(If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

  1

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
☒ yes
☐ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes  If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Angelica Gentile Gentile      Fla. Bar # 102630
    Attorney or party                               (Bar # if attorney)

Angelica Gentile Gentile           03/25/2021
(type or print name)                  Date

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO. 562021CA000561AXXXHC
Judge Laurie E Buchanan

TAMMY LEE CONNOR, *individually and on behalf of all others similarly situated*,

    Plaintiff,

vs.

WHIRLPOOL CORPORATION,

    Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Tammy Lee Connor brings this class action against Defendant Whirlpool Corporation, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1.    This is a class action under the Florida Security of Communications Act, Fla. Stat. Ann. § 934.01, *et seq.* ("FSCA"), arising from Defendant's unlawful interception of electronic communications. Specifically, this case stems from Defendant's use of tracking, recording, and/or "session replay" software to intercept Plaintiff's and the class members' electronic communications with Defendant's website, including how they interact with the website, their mouse movements and clicks, information inputted into the website, and/or pages and content viewed on the website.

2.    Defendant intercepted the electronic communications at issue without the knowledge or prior consent of Plaintiff and the Class members. Defendant did so for its own

financial gain and in violation of Plaintiff's and the Class members' privacy rights under the FSCA. Such clandestine monitoring and recording of an individual's electronic communications has long been held a violation of the FSCA. *See, e.g., O'Brien v. O'Brien*, 899 So. 2d 1133 (Fla. 5th DCA 2005).

3. Defendant has intercepted the electronic communications involving Plaintiff and the Class members' visits to its website, causing them injuries, including invasion of their privacy and/or exposure of their private information.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful interceptions. Plaintiff also seeks damages authorized by the FSCA on behalf of Plaintiff and the Class members, defined below, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

## PARTIES

5. Plaintiff is, and at all times relevant hereto was, a citizen and resident of St. Lucie County, Florida.

6. Defendant is, and at all times relevant hereto was, a Delaware corporation that maintains its primary place of business at 2000 M63 North, Benton Harbor, MI 49022.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

8. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant intercepted electronic communications from and to Florida without the consent of Plaintiff and the Class members.

Plaintiff and the Class members were in Florida when Defendant's unlawful interceptions occurred, and were injured while residing in and physically present in Florida.

9. Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

## FACTS

10. Defendant owns and operates the following website: www.kitchenaid.com.

11. Over the past year, Plaintiff visited Defendant's website approximately 5 times.

12. Plaintiff most recently visited Defendant's website on or about January 2021.

13. Plaintiff was in Florida during each visit to Defendant's website.

14. Upon information and belief, during one or more of these visits, Defendant utilized tracking, recording and/or "session replay" software to contemporaneously intercept Plaintiff's use and interaction with the website, including mouse clicks and movements, information inputted by Plaintiff, and/or pages and content viewed by Plaintiff. Defendant also recorded Plaintiff's location during the visits, as well as the time and dates of each visit.

15. Plaintiff never consented to interception of her electronic communications by Defendant or anyone else.

16. At no point in time did Plaintiff provide Defendant, its employees, or agents with consent to intercept Plaintiff's electronic communications.

17. Plaintiff and the putative Class members did not have a reasonable opportunity to discover Defendant's unlawful interceptions because Defendant did not disclose or seek their consent to intercept the communications.

18. Upon information and belief, Defendant similarly intercepted the electronic communications of other individuals located in Florida who visited Defendant's website.

19. Defendant's surreptitious interception Plaintiff's electronic communications caused Plaintiff harm, including invasion of her privacy and/or the exposure of private information.

## CLASS ALLEGATIONS

### PROPOSED CLASS

20. Plaintiff brings this lawsuit as a class action on behalf of all other similarly situated persons pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is defined as:

> **All persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent.**

21. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

### NUMEROSITY

22. The Class members are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff, but may be readily ascertained from Defendant's records and is believed to be no less than 100 individuals. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice

23. The identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records kept in connection with its unlawful interceptions.

### COMMON QUESTIONS OF LAW AND FACT

24. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

 (1) Whether Defendant violated the FSCA;

 (2) Whether Defendant intercepted Plaintiff's and the Class members' electronic communications;

 (3) Whether Defendant disclosed to Plaintiff and the Class Members that it was intercepting their electronic communications;

 (4) Whether Defendant secured prior consent before intercepting Plaintiff's and the Class members' electronic communications;

 (5) Whether Defendant is liable for damages, and the amount of such damages; and

 (6) Whether Defendant should be enjoined from such conduct in the future.

25. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely intercepts electronic communications without securing prior consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

26. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

27. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

28. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are potentially in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

29. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violations of the FSCA, Fla. Stat. Ann. § 934.03
**(On Behalf of Plaintiff and the Class)**

30. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

31. It is a violation of the FSCA to intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept any electronic communication. Fla. Stat. Ann. § 934.03(1)(a).

32. Further, it is a violation to intentionally use, or endeavor to use, "the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection[.]" Fla. Stat. Ann. § 934.03(1)(d).

33. The FSCA defines "intercept" as the "acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." Fla. Stat. Ann. § 934.02(3).

34. The FSCA defines "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photooptical system that affects intrastate, interstate, or foreign commerce…." Fla. Stat. Ann. § 934.02(12).

35. Defendant violated § 934.03(1)(a) of the FSCA by intercepting Plaintiff's and the Class members' electronic communications when they visited Defendant's website.

36. Defendant intercepted Plaintiff's and the Class members' electronic communications without their prior consent.

37. Defendant violated § 934.03(1)(d) of the FSCA by using the unlawfully intercepted electronic communications.

38. Plaintiff and the Class members had an expectation of privacy during their visits to Defendant's website, which Defendant violated by intercepting their electronic communications with the website.

39. As a result of Defendant's conduct, and pursuant to § 934.10 of the FSCA, Plaintiff and the other members of the putative Class were harmed and are each entitled to "liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher[.]" Fla Stat. Ann. § 934.10(b).

40. Plaintiff is also entitled to "reasonable attorney's fees and other litigation costs reasonably incurred." Fla Stat. Ann. § 934.10(d).

41. Plaintiff and the Class members are also entitled to an injunction.

**WHEREFORE**, Plaintiff Tammy Lee Connor, on behalf of herself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Florida Security of Communications Act;

b. An injunction prohibiting Defendant from intercepting the electronic communications of individuals visiting Defendant's website without their knowledge and consent;

c. An award of actual, liquidated damages, and/or punitive statutory damages;

d. Reasonable attorney's fees and costs; and

e. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors,

individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: March 25, 2021

                                                          Respectfully Submitted,

By:   */s/ Andrew J. Shamis*
       **SHAMIS & GENTILE, P.A.**
       Andrew J. Shamis, Esq.
       Florida Bar No. 101754
       ashamis@shamisgentile.com
       Garrett O. Berg, Esq.
       Florida Bar No. 1000427
       gberg@shamisgentile.com
       14 NE 1st Avenue, Suite 705
       Miami, Florida 33132
       (t) (305) 479-2299
       (f) (786) 623-0915

       **EDELSBERG LAW, PA**
       Scott Edelsberg, Esq.
       Florida Bar No. 100537
       scott@edelsberglaw.com
       20900 NE 30th Ave., Suite 417
       Aventura, FL 33180
       Telephone: 305-975-3320

       **HIRALDO P.A.**
       Manuel Hiraldo, Esq.
       Florida Bar No. 030380
       401 E. Las Olas Blvd., Suite 1400
       Fort Lauderdale, FL 33301
       MHiraldo@Hiraldolaw.com
       Telephone: 954-400-4713

       *Counsel for Plaintiff and Proposed Class*

Filing # 123755946 E-Filed 03/25/2021 12:04:11 PM

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO. 562021CA000561AXXXHC
Judge Laurie E Buchanan

TAMMY LEE CONNOR, individually and on behalf of all others similarly situated,

CLASS ACTION

*Plaintiff*,

JURY TRIAL DEMANDED

vs.

WHIRLPOOL CORPORATION,

*Defendant.*
_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State

TO:   Whirlpool Corporation
      c/o Corporation Service Company
      1201 Hays Street
      Tallahassee, FL 32301

Each Defendant is required to serve written defenses to the Complaint or petition on: **Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132**, within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

Dated this _____ day of _____, 2021.

As Clerk of the Court

By: _____
   As Deputy Clerk

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO. 562021CA000561AXXXHC
Judge Laurie E Buchanan

TAMMY LEE CONNOR, individually and on behalf
of all others similarly situated,

CLASS ACTION

*Plaintiff,*

JURY TRIAL DEMANDED

vs.

WHIRLPOOL CORPORATION,

*Defendant.*
_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State

TO:   Whirlpool Corporation
      c/o Corporation Service Company
      1201 Hays Street
      Tallahassee, FL 32301

Each Defendant is required to serve written defenses to the Complaint or petition on: **Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132**, within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

Dated this  25th  day of  March , 2021.

MICHELLE R. MILLER, CLERK AND COMPTROLLER
As Clerk of the Court

By: *Jansha Ingram*
As Deputy Clerk

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
# IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO.: 56-2021-CA-000561

| | |
|---|---|
| TAMMY LEE CONNOR,<br>individually and on behalf of all others<br>similarly situated, | **CLASS ACTION** |
| *Plaintiff*, | **JURY TRIAL DEMANDED** |
| v. | |
| WHIRLPOOL CORPORATION, | |
| *Defendant*. | |
| _____ / | |

## NOTICE OF APPEARANCE ON BEHALF OF PLAINTIFF

PLEASE TAKE NOTICE that Christopher Gold of the law firm of Edelsberg Law, P.A. enters his appearance in this case as counsel for Plaintiff and requests that copies of all pleadings, motions, orders, notices, correspondence, and documents of any kind regarding the above-styled cause be served upon said counsel.

Date: April 6, 2021

Respectfully submitted,

*/s/ Christopher Gold*
Christopher Gold, Esq.
Florida Bar No. 088733
chris@edelsberglaw.com
**EDELSBERG LAW, PA**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Office: 786-673-2405

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of April 2021, I electronically filed the foregoing document via the Florida Courts E-Filing Portal, which shall transmit a copy of same to all counsel of record.

Respectfully submitted,

*/s/ Christopher Gold*