UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-14180-WPD

TAMMY LEE CONNOR, individually and
on behalf of all others similarly situated,

    Plaintiff,

vs.

WHIRLPOOL CORPORATION,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

THIS CAUSE is before the Court upon Defendant Whirlpool Corporation's ("Whirlpool" or "Defendant") Motion to Dismiss Second Amended Class Action Complaint, filed on August 3, 2021. [DE 25]. The Court has carefully considered the Motion [DE 25], Plaintiff Tammy Lee Connor ("Plaintiff")'s Response [DE 26], Defendant's Reply [DE 27], Defendant's Notices of Supplemental Authority [DE's 28, 29], Plaintiff's Response [DE 30], and is otherwise fully advised in the premises.

    **I.**    **BACKGROUND**

On March 25, 2021, Plaintiff filed a Class Action Complaint in State Court, which Defendant removed to this Court on April 23, 2021 pursuant to under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. §§ 1332(d)(1)(B); 1332(d)(2); 1446; 1453. *See* [DE 1].

Plaintiff filed a First Amended Class Action Complaint on May 21, 2021. [DE 13]. Therein, Plaintiff alleged that Defendant violated § 934.03(1)(a) of the Florida Security of

Communications Act ("FSCA") by intentionally intercepting Plaintiff's and the Class members (thousands of individuals located in Florida who visited Defendant's website)'s electronic communications through "session replay" software when they visited Defendant's website, kitchenaid.com.

The Court entered an Order Granting Defendant's Motion to Dismiss Class Action Complaint on July 6, 2021, specifically ruling that the FSCA does not apply to the Plaintiff's claims regarding session replay technology software on a commercial website and that it appeared amendment would be futile. *See* [DE 21]. Plaintiff nonetheless filed a Second Amended Complaint. *See* [DE 22]. Upon careful consideration, the Court finds that Plaintiff's Second Amended Complaint must be dismissed, with prejudice.

## II.    STANDARD OF REVIEW

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements . . . ." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

### III.     DISCUSSION

Plaintiff alleges that Defendant violated § 934.03 of the Florida Security of Communications Act (the "FSCA") by intentionally intercepting Plaintiff's and the Class members' electronic communications through "session replay" software when they visited Defendant's website, kitchenaid.com. Plaintiff claims Defendant similarly intercepted the electronic communications thousands of individuals located in Florida who visited Defendant's website.

The FSCA prohibits intentional "intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication" § 934.03, Fla. Stat. Ann.   Accordingly, to state a claim for a civil cause of action under the FSCA, Plaintiff must sufficiently plead 1) an oral, wire, or electronic communication was 2) intentionally intercepted, disclosed or used 3) in violation of the FSCA. *See* Fla. Stat. § 934.03.

However, as the Court stated in its prior dismissal Order, and unequivocally reiterates here, the FSCA does not apply to claims regarding session replay technology software on a commercial website.  In so ruling, this Court joins in the nearly unanimous holdings reached in "a flurry of virtually identical cases wherein creative class action litigants have seized on a novel reading of Florida's decades-old wiretapping statute, the [FSCA], to attack the use of so-called

session replay software on commercial websites."[1] *See Goldstein v. Costco Wholesale Corporation*, Case No. 9:21-cv-80601-RAR (S.D. Fla. Sept. 9, 2021); *Goldstein v. Luxottica of Am., Inc.*, No. 21-80546-CIV-CAN (S.D. Fla. Aug. 20, 2021); *Swiggum v. EAN Servs., LLC*, No. 8:21-493, 2021 WL 3022735, at *2 (M.D. Fla. July 16, 2021); *Jacome v. Spirit Airlines, Inc.*, No. 2021-000947-CA-01 (Fla. Cir. Ct. June 17, 2021).

## IV. CONCLUSION

It is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Second Amended Class Action Complaint [DE 25] is **GRANTED**;

2. The Second Amended Class Action Complaint [DE 22] is hereby **DISMISSED WITH PREJUDICE**;

3. The Clerk is **DIRECTED** to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 15th day of September, 2021.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of record

---

[1] The Court also notes that in almost every one of these cases, the court has either granted a defendant's motion to dismiss with prejudice, or the plaintiff has voluntarily dismissed the action prior to a dispositive ruling by the court.